**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  06-cv-01682-REB-PAC

WILLIAM L. HOEPER,

      Plaintiff,

v.

AIR WISCONSIN AIRLINES CORPORATION, a Delaware corporation,
MARK SCHUERMAN, individually,
PARTICK DOYLE, indvidually, and
JOHN DOES 1-10, whose identities are unknown to Plaintiff at this time,

      Defendants.

## ORDER GRANTING MOTION TO REMAND

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion to Remand** [#21], filed August 30, 2006.  The motion is granted.

This case originally was filed in the District Court of Denver County, Colorado, on December 6, 2005.  On July 26, 2006, the state court granted the plaintiff's request to amend his complaint to add a claim for punitive damages.  On August 7, 2006, the state court granted the plaintiff's request to amend his complaint again to add a claim for extreme and outrageous conduct.  The plaintiff asserts only state law claims against the defendants.  On August 24, 2006, the defendants filed their Notice of Removal in this court.  In his Motion to Remand, the plaintiff asks that this case be remanded to state court because this court does not have jurisdiction over his claims.

The plaintiff, a resident of Colorado, names three known defendants and ten John Doe defendants in his complaint.  Only one of the known defendants, Mark Schuerman, is a resident of Colorado.  If Schuerman was not a defendant, then this court would have diversity jurisdiction over this case under 28 U.S.C. § 1332 because no other defendant is a Colorado resident.

The defendants argue that removal of this case to federal court is not proper because defendant Mark Schuerman fraudulently was joined as a defendant in an effort to defeat this court's diversity jurisdiction over the plaintiff's claims.  An action filed in state court properly may be removed to federal court if the only obstacle to federal diversity jurisdiction is the joinder of a non-diverse defendant, and the joinder of that defendant is fraudulent.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Fraudulent joinder can arise under three circumstances.  First, a joinder may be found to be fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant."  *Id*. (citation omitted).  Second, fraudulent joinder can be found when there is outright fraud in the pleading of jurisdictional facts.  *Id*. (citation omitted).  Third, fraudulent joinder may be found when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."  *Id*. (citation omitted).

The defendants rely on the first type of fraudulent joinder.  They argue that defendant Schuerman was joined without any reasonable basis in fact, and that the plaintiff has no cause of action against Schuerman. *Response*, p. 4.  When fraudulent

2

joinder is alleged, the court "may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." **Dodd v. Fawcett Publications, Inc.**, 329 F.2d 82, 85 (10th Cir. 1964). "'If there is *even a possibility* that a state court would find that the complaint states a cause of action against only one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" **Triggs**, 154 F.3d at 1287 (citing **Coker v. Amoco Oil Co.**, 709 F.2d 1433, 1440-41 (11th Cir. 1983)) (emphasis added by **Triggs** court). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id*. (emphasis in original).

The plaintiff's second amended complaint was the complaint at issue at the time the defendants filed their notice of removal. I must determine whether or not this case is removable based on the second amended complaint. **Pfeiffer v. Hartford Ins. Co.**, 929 F.2d 1484, 1488 (10th Cir. 1991).

When the plaintiff sought permission from the state court to file his second amended complaint, the defendant argued that there was no possibility of recovery against defendant Schuerman and urged the state court to deny the motion to amend because the amendment was futile as to defendant Schuerman. **Hoeper v. Air Wisconsin Airlines Corp., et al.**, Case no. 05CV9967, District Court, City and County of Denver, Colorado, Response, filed July 24, 2006. The state court rejected this argument and granted the plaintiff's motion to amend. *Id*., Order, filed August 7, 2006. The state court's order granting the plaintiff's motion to amend indicates that the state court rejected the defendants' futility arguments and concluded that the plaintiff has

3

stated one or more claims against Schuerman that are facially valid.  Having reviewed the evidence and argument cited by the parties, I conclude that the plaintiff's case against Schuerman may be thin, but that the plaintiff has presented claims against Schuerman that, at minimum, are arguable.  The state court has rejected the defendants' argument that the plaintiff's claims against Schuerman are futile, in the context of a motion to amend.  Not only is there a possibility that the state court would find that the plaintiff has stated a claim for relief against Schuerman, but, in effect, the state court has concluded that the plaintiff has alleged arguable claims against Schuerman. Under these circumstances, this case must be remanded to the state court because this court does not have diversity jurisdiction over this case.

This fundamental aspect of the removal of this case to federal court resolves the question of the propriety of that removal.  Given that fact, I will not address the issue of the timeliness of the defendants' removal of this case.

I note also that the plaintiff seeks an award of attorney fees and costs associated with its motion to remand.  Under 28 U.S.C. § 1447(c), I "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Such an award is discretionary and no showing of bad faith is necessary to justify such an award.  ***Suder v. Blue Circle, Inc.***, 116 F.3d 1351, 1352 (10th Cir. 1997).  The issues surrounding the plaintiff's motion to remand in this case are close.  Having considered the circumstances of this case, and considering especially the circumstances surrounding the removal and motion to remand, I conclude that an award of attorney fees and costs is not merited.

**THEREFORE, IT IS ORDERED** as follows:

4

1. That the plaintiff's **Motion to Remand** [#21], filed August 30, 2006, is **GRANTED**;

2. That this case, which initially was filed in the District Court, City and County of Denver, Colorado, Case No. 05CV9967, **IS REMANDED** to the District Court, City and County of Denver, Colorado; and

3. That the plaintiff's request for an award of attorney fees and costs, as stated in the plaintiff's **Motion to Remand** [#21], filed August 30, 2006, is **DENIED**.

Dated December 15, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**